UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NAHID AHMADPOUR | ) | Case No. 08-13766-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |

**MEMORANDUM OPINION AND ORDER**

A hearing was held on January 5, 2010, on a motion by Nationwide Registry & Security, Ltd. ("Nationwide"), to strike the debtor's attempt to amend her list of creditors and for an award of sanctions. Nationwide and the debtor were each represented by counsel.[1] Because amended schedules were never actually filed, there is nothing in literal terms for the court to strike. Additionally—and because in any event the filing of amended schedules would have no effect on the dischargeability of Nationwide's claim—the court will not award sanctions. Whether the judgment Nationwide is seeking to collect from the debtor is excepted from discharge is not properly before the court at this time but may be decided either by the state court in connection with proceedings to enforce the judgment or by this court if either the debtor or the creditor files an adversary proceeding to determine dischargeability.

Background

Nahid Ahmadpour ("the debtor") filed a voluntary petition in this court on June 27, 2008, for relief under chapter 7 of the Bankruptcy Code. The case was noticed to creditors as a "no

---

[1] The debtor's counsel of record is Jeffrey Sherman, Esquire. At the hearing, however, the debtor was represented by Tommy Andrews, Jr., Esquire, who has not yet filed a written notice of appearance, but should promptly do so.

1

asset" case, and no bar date was set for filing proofs of claim. The chapter 7 trustee filed a report of no distribution on August 27, 2008, and the debtor was granted a discharge on October 6, 2008. The case was then closed on October 10, 2008.

Although Nationwide had obtained a default judgment against the debtor on January 17, 2008—some six months prior to the filing of the bankruptcy petition—in the amount of $80,000.00 with interest at 18% from October 10, 2005, plus $16,000.00 in attorney's fees, Nationwide was not listed as a creditor and was not given notice of the commencement of the case by the clerk. According to the present motion, Nationwide is the assignee of the Las Vegas Hilton Hotel and Casino, which had a claim against the debtor for $80,000 in bad checks written in October 2005. On November 9, 2006, the debtor pleaded guilty in Nevada state court to a criminal information charging her with drawing and passing checks in the amount of $211,000 without sufficient funds in the drawee bank with intent to defraud, including $80,000 in checks to the Las Vegas Hilton Hotel and Casino. Although the schedules filed in her case listed $496,683 in unsecured debts, Las Vegas Hilton Hotel and Casino was not listed as a creditor and was not mailed notice of the commencement of the case.[2]

### Discussion

#### A

A chapter 7 discharge discharges a debtor from "all" prepetition debts except those specified in § 523(a), Bankruptcy Code. § 727(b), Bankruptcy Code. Among the debts excluded from discharge are debts held by creditors who are not listed in sufficient time to file a timely

---

[2] Counsel for the debtor stated at the hearing that the creditor was not listed based on the advice of her former attorney, who expressed fear that doing so would adversely impact her probation and restitution plan on the criminal charge.

proof of claim, or, if their debts would otherwise fall within the discharge exceptions in §§ 523(a)(2), (4), or (6) for fraud, fiduciary defalcation, larceny, embezzlement, or willful and malicious injury, in time to file a timely complaint to determine dischargeability. *Id.* § 523(a)(3)(A), (B). In addition to being unlisted, the creditor must not have had actual knowledge of the bankruptcy case in time to file a timely proof of claim or timely dischargeability complaint, as appropriate. *Id.*

In a "no asset" case in which no bar date has been set for filing proofs of claim, an unlisted debt is discharged—even if the creditor was intentionally omitted—unless the debt is of the kind specified in § 523(a)(2), (4), or (6), Bankruptcy Code. *Horizon Aviation of Va., Inc. v. Alexander*, 296 B.R. 380 (E.D. Va. 2003). With respect to a *listed* creditor, only the Bankruptcy Court may make a determination as to whether a debt is of the kind specified in § 523(a)(2), (4), or (6), and a complaint seeking such a determination must be filed within 60 days of the first date set for the meeting of creditors. § 523(c), Bankruptcy Code; Fed.R.Bankr.P. 4007(c). But a complaint to determine the dischargeability of an unlisted debt may be filed "at any time." Fed.R.Bankr.P. 4007(b). Moreover, by failing to list the creditor, the debtor effectively waives the exclusive jurisdiction of the bankruptcy court to determine the dischargeability of the debt, and that issue may be determined in a non-bankruptcy court having jurisdiction to adjudicate or enforce the debt. *In re Toussaint*, 259 B.R. 96, 100 (Bankr. E.D. N.C. 2000).

In any event, merely amending the schedules after the bar date has passed for filing a proof of claim or dischargeability complaint has no effect on the dischargeability of the debt: either the debt was discharged or it wasn't, and amending the schedules cannot change the result. *In re Woolard*, 190 B.R. 70, 74 (Bankr. E.D. Va. 1995). At one time, the local rules of this

court allowed the filing of amended schedules in a closed case in which there was no distribution to creditors upon notice to the creditor being added and the filing of an affidavit that the omission of the creditor was not intentional.  Former Loc.Bankr.R. 1009-1(C).  That provision, however, was repealed effective December 1, 2009, and had effectively been a dead letter for many years.  The purpose of the provision, as this court has previously noted, was to address the "practical difficulty . . . that many collection attorneys, and a significant number of state court judges, assume that a debt not listed on a debtor's schedules is *per se* excepted from the debtor's discharge, and that the best evidence the debt was discharged is a copy of the discharge order and the debtor's filed schedules listing the debt."  *Woolard*, 190 B.R. at 75.  The rule thus allowed the filing of amended schedules in a closed case as a "pragmatic response" to those concerns.  *Id*.  In recent years, however, the reported opinions of this court have consistently affirmed that merely amending the schedules has no legal effect, *see, e.g.*, *In re Carberry*, 186 B.R. 401 (Bankr. E.D. Va. 1995), and the rule permitting amended schedules to be filed in a closed case was ultimately repealed as accomplishing no useful purpose as well as being inconsistent with Rule 1009(a), Federal Rules of Bankruptcy Procedure, which allows schedules to be amended by the debtor "as a matter of course at any time *before the case is closed*."  (emphasis added).

B.

Because no bar date was set for filing proofs of claim, Nationwide's judgment is not excepted from discharge under § 523(a)(3)(A) even if the debtor's omission of Nationwide or the Hilton Hotel or both was intentional.  Whether it is excepted from discharge under

§ 523(a)(3)(B) depends on whether the debt is of the type specified in § 523(a)(2), (4) or (6),

Bankruptcy Code.  As this court explained in *Woolard*:

> If there is a dispute as to whether the debt falls within one of the excepted categories, the state court has both the jurisdiction and the duty to decide the issue.  Alternatively, either the debtors or the creditor could request that the bankruptcy case be reopened for the purpose of filing an adversary complaint in this court to obtain an authoritative determination as to whether the debt has been discharged.

190 B.R. at 76.

### C.

Only brief discussion is required with respect to Nationwide's request for sanctions.  The only authority cited by Nationwide is Rule 9011, which allows a court to impose sanctions against an attorney or unrepresented party who, in "*presenting to the court* (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion or other paper" (emphasis added) does so for an improper purpose or urges legal positions not warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law, or makes factual contentions that are without evidentiary support.  Fed.R.Bankr.P. 9011(b).  Because the rule addresses only pleadings and papers "presented to" the court, it has no applicability to pleadings and papers that are served on a party but, for whatever reason, are never filed with the court.  But even if that were not the case, the present motion, to the extent it seeks an award of sanctions, fails to comply with Rule 9011(c), which requires (a) that a request for sanctions be made *separately* from other motions or requests and (b) that it be not be filed with the court, unless within 21 days after service on the opposing party, the party fails to withdraw the challenged pleading or paper.  Fed.R.Bankr.P. 9011(c)(1)(A).

Case 08-13766-BFK Doc 32 Filed 01/08/10 Entered 01/08/10 15:03:54 Desc Main
Document Page 6 of 6

O R D E R

For the foregoing reasons, it is

**ORDERED:**

1. The motion to strike is denied as moot, since the debtor has not—and may not—file amended schedules in the closed case.

2. The motion for sanctions is denied.

3. The entry of this order is without prejudice to the right of either the movant or the debtor (a) to litigate the dischargeability of the judgment debt before the state court or (b) to bring an adversary proceeding in this court to obtain such a determination.

4. The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge


Copies to:

Robert L. Vaughn, Jr., Esquire
O'Connor & Vaughn, LLC
11490 Commerce Park Dr., Suite 510
Reston, VA 20191
Counsel for Nationwide Registry & Security, Ltd.

Tommy Andrews, Jr., Esquire
Tommy Andrews, Jr., P.C.
122 N. Alfred Street
Alexandria, VA  22314
Counsel for the debtor